IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOE KELLY                                                    PLAINTIFF

       v.                              CIVIL NO. 13-5261

CAROLYN W. COLVIN, Commissioner
Social Security Administration                          DEFENDANT

## <u>MEMORANDUM OPINION</u>

Plaintiff, Joe Kelly, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. <u>See</u> 42 U.S.C. § 405(g).

## I. Procedural Background

Plaintiff protectively filed his applications for DIB and SSI on February 24, 2011, alleging an inability to work since November 23, 2010, due to "neck injury, ears ringing, right knee, and numbness in hands and feet." (Tr. 19, 201, 205). For DIB purposes, Plaintiff's date last insured was December 31, 2014. (Tr. 201). His claim was initially denied on March 23, 2011, and denied upon reconsideration on June 14, 2011. (Tr. 59, 62). An administrative hearing was held on March 28, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 33-58). By a written decision dated September 13, 2012, the Administrative Law Judge ("ALJ") found that during the relevant time period Plaintiff had the following severe impairments: "bilateral carpal tunnel syndrome, disorder

-1-

of the cervical spine, and status post right knee surgery." (Tr. 21). After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21-22). The ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except:

> the claimant can occasionally climb ramps and stairs and occasionally climb ropes, scaffolds and ladders. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach overhead bilaterally. He cannot do any rapid, repetitive flexion of his wrists. He can occasionally push and pull with his bilateral upper extremities. He can perform work that is limited to simple, routine and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors and the general public. (Tr. 22).

With the help of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform his past relevant work ("PRW"), but Plaintiff retained the capacity to perform the requirements of representative occupations such as housekeeper, and machine tender. (Tr. 26-27, 51-56). The ALJ then found Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 28).

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on September 18, 2013. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1).This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is ready for decision. (Doc. 11; Doc. 12).

## II. Applicable Law.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. <u>Edwards v. Barnhart</u>, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. <u>Haley v. Massanari</u>, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. <u>Young v. Apfel</u>, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security Disability Benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in substantial gainful activity. <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1217 (8th Cir. 2001); <u>see also</u> 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5)

whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.

**III. Discussion**

Plaintiff raises the following arguments on appeal: The ALJ (1) erred in determining Plaintiff's RFC, and (2) the ALJ failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT").

Plaintiff argues the ALJ erred by assigning different weights to the State's three consultative examiners who offered opinions on Plaintiff's RFC. (Doc. 11 at 15-18). The Court has reviewed the entire record and believes the ALJ appropriately weighted the opinions. Dr. C.R. Magness opined Plaintiff's grip was decreased by 40-percent, his ability to carry was severely limited, and his ability to lift and handle were moderately to severely limited. (Tr. 285). Dr. Ted Honghiran, however, opined Plaintiff could perform "light duty" work, so long as it was "without repetitive motion of his hands and not a lot of walking and standing." (Tr. 299). Dr. David Oberlander similarly opined Plaintiff had 5/5 strength in his extremities, but diagnosed spinal nerve root irritation and mild carpal tunnel syndrome and opined Plaintiff's fine motor skills were mildly impaired in both hands. (Tr. 304-305). Dr. Oberlander's opinions were based on a nerve conduction study and electroymyogram. (Tr. 304-308). The ALJ gave great weight to Dr. Honghiran and Dr. Oberlander's opinions, but discounted Dr. Magness's opinion because it was more limiting than the record as a whole. (Tr. 24).

The ALJ was required to resolve the conflicts among the examining physicians. Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001). It was appropriate for the ALJ to give greater weight to Dr. Honghiran, an orthopedic surgeon, and Dr. Oberlander, a neurologist, because they

-4-

were specialists. <u>Brown v. Astrue</u>, 611 F.3d 941, 953 (8th Cir. 2010). The ALJ's weighting was also appropriate because Dr. Honghiran and Dr. Oberlander's opinions were more consistent with Plaintiff's self-reported abilities, which included carrying wood, taking care of his animals, raking leaves, hiking, and "tracking and trapping." (Tr. 222-229).

While the ALJ's RFC determination was based on substantial evidence, the ALJ failed to resolve a conflict between the VE's testimony and the DOT. The ALJ's RFC determination restricted Plaintiff to only occasionally reaching overhead bilaterally and no rapid, repetitive flexion of his wrists. (Tr. 22). As Plaintiff noted, the jobs the VE listed as ones Plaintiff could perform, housekeeper and machine tender, required frequent reaching.[1] (Tr. 51-52).

The DOT is silent on whether reaching is required for the positions the VE recommended, but the Selected Characteristics of Occupations Defined ("SCO") explains these jobs require frequent reaching.[2] Consequently, there was a conflict between the DOT and the VE's testimony. <u>See</u> <u>Moore v. Colvin</u>, 769 F.3d 987, 989 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the VE identified jobs the SCO said required frequent reaching).

The DOT descriptions are generic, and a VE is allowed to provide more specific information about jobs or occupations than the DOT to identify jobs a claimant can perform. <u>See Hall v. Chater</u>, 109 F.3d 1255, 1259 (8th Cir. 1997). When an apparent conflict between the DOT and VE testimony

---

[1]

"Cleaner, housekeeping" is DOT No. 323.687-014 and "mexican-food, machine-tender" is DOT No. 524.685-038.

[2]

Social Security Ruling 00-4p states, "in making disability determinations, the SSA relies primarily on the DOT, including its companion publication the Selected Characteristics of Occupations Defined, for information about the requirements of work in the national economy."

exists, however, an ALJ has an affirmative responsibility to address the conflict.  <u>Young v. Apfel</u>, 221 F.3d 1065, 1070 (8th Cir. 2000).  If evidence from the VE appears to conflict with the DOT, the ALJ must obtain "a reasonable explanation for the apparent conflict."  <u>Renfrow v. Astrue</u>, 496 F.3d 918 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a VE responded "yes" when asked if his testimony was consistent with the DOT.  <u>Kemp v. Colvin</u>, 743 F.3d 630, 632-633 (8th Cir. 2014).

In <u>Moore</u>, the Eighth Circuit concluded that if there is an apparent unresolved conflict between VE testimony and the DOT, the ALJ must "elicit a reasonable explanation for the conflict" and resolve the conflict by determining if the explanation given by the expert provides a basis for relying on the VE testimony rather than on the DOT information. 769 F.3d at 990. The Eighth Circuit further held:

> "Absent adequate rebuttal, however, VE testimony that conflicts with the DOT does not constitute substantial evidence upon which the Commissioner may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform."

<u>Id</u>. (quoting <u>Kemp</u>, 743 F.3d at 632). In this case, it was not clear whether the VE recognized the possible conflict between the hypothetical and the positions he identified, and no explanation for the conflict was offered at the hearing. There was also no indication the ALJ addressed or resolved the potential conflict between the DOT and the VE's testimony in the written decision, and this failure to resolve the conflict is reversible error. <u>See</u> <u>e.g.</u>, <u>Daniels v. Colvin</u>, 2015 WL 224668 (W.D. Ark. Jan. 15, 2015).

The ALJ should have questioned the VE about the inconsistency between his testimony and the DOT job descriptions, and explained the decision to credit the VE's testimony in light of the conflict.  <u>See</u> <u>Welsh v. Colvin</u>, 765 F.3d 926, 930 (8th Cir. 2014).  The Court concludes the ALJ did

-6-

not resolve a conflict between the VE's testimony and the DOT, and therefore, the VE's testimony was not substantial evidence. On remand, the ALJ is instructed to identify and obtain a reasonable explanation for any conflict between a VE's testimony and the DOT.

## IV. Conclusion:

Having carefully reviewed the record, the undersigned finds there is not substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and therefore, the case should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 2nd day of February 2015.

s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE